**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

MAGHAR UBHI, Derivatively on Behalf of Nominal Defendant HUT 8 CORP.,

Plaintiff,

v.

JAIME LEVERTON, SHENIF VISRAM, BILL TAI, MIKE HO, ASHER GENOOT, ALEXIA HEFTI, JOE FLINN, MAYO A. SHATTUCK, III, STANLEY O'NEAL, AMY WILKINSON, and RICK RICKERTSEN,

Defendants,

and

HUT 8 CORP.,

Nominal Defendant.

Case No. 1:24-cv-02995-JHR

ANDREW JOSEPH, Derivatively on Behalf of HUT 8 CORP.,

Plaintiff,

v.

JAIME LEVERTON, SHENIF VISRAM, JOSEPH FLINN, ASHER GENOOT, ALEXIA HEFTI, MICHAEL HO, STANLEY O'NEAL, RICK RICKERTSEN, MAYO A. SHATTUCK, III, BILL TAI, and AMY WILKINSON,

Defendants,

and

HUT 8 CORP.,

Nominal Defendant.

Case No. 1:24-cv-03081-JHR

**JOINT STIPULATION AND [PROPOSED] ORDER REGARDING**
**CONSOLIDATION AND STAY OF DERIVATIVE ACTIONS**

WHEREAS, on April 19, 2024, Plaintiff Maghar Ubhi ("Ubhi") filed a Verified Shareholder Derivative Complaint in this Court captioned *Ubhi v. Leverton, et al.*, Case No. 1:24-cv-02995 on behalf of Hut 8 Corp. ("Hut 8" or the "Company") against Jaime Leverton, Shenif Visram, Joseph Flinn, Asher Genoot, Alexia Hefti, Michael Ho, Stanley O'Neal, Rick Rickertsen, Mayo A. Shattuck, III, Bill Tai, and Amy Wilkinson (the "Individual Defendants" and, together with Hut 8, "Defendants") for violations of the Securities Exchange Act of 1934 (the "Exchange Act"), breach of fiduciary duty, unjust enrichment, abuse of control, gross mismanagement, and waste of corporate assets (the "*Ubhi* Action");

WHEREAS, on April 22, 2024, Plaintiff Andrew Joseph ("Joseph") filed a Verified Shareholder Derivative Complaint in this Court captioned *Joseph v. Leverton, et al.*, Case No. 1:24-cv-03081 on behalf of Hut 8 against substantially the same set of Individual Defendants as named in the *Ubhi* Action based on substantially similar facts and circumstances (the "*Joseph* Action");

WHEREAS, Plaintiffs Ubhi and Joseph (collectively, "Plaintiffs") agree that the *Ubhi* Action and the *Joseph* Action (the "Derivative Actions") contain nearly identical factual and legal contentions, and that the administration of justice would be best served by consolidation of the Derivative Actions, appointing Co-Lead Counsel, and staying the consolidated Derivative Actions as set forth herein;

WHEREAS, pending in this Court is a putative securities class action captioned *In re Hut 8 Corp. Securities Litigation* (formerly *Mayiras v. Hut 8 Corp. et al.*), No. 1:24-cv- 00904-VM (the "Securities Litigation);

WHEREAS, Hut 8, Leverton, and Visram, named defendants in the Derivative Actions, are also named as defendants in the Securities Litigation (the "Securities Litigation Defendants");

WHEREAS, the Securities Litigation Defendants anticipate filing a motion to dismiss the Securities Litigation;

WHEREAS, in order to ensure economy of time and effort for the Court, for counsel, and for litigants, Plaintiffs and Defendants have agreed that, in light of the apparent overlap between the facts alleged in the Derivative Actions and the Securities Litigation, and in light of the fact that the outcome of the anticipated motion to dismiss in the Securities Litigation may inform the proceedings in the Derivative Actions, that the Derivative Actions should be temporarily stayed on the terms set forth below unless and until either (1) the Securities Litigation is dismissed, with prejudice, and all appeals related thereto have been exhausted; (2) the motion to dismiss the Securities Litigation is denied; or (3) either of the Parties to this Stipulation gives a ten (10) day notice that they no longer consent to the voluntary stay of the Derivative Actions.

WHEREFORE, the Parties, through their undersigned counsel, hereby agree, stipulate, and respectfully request that the Court enter an order as follows:

1. Defendants hereby accept service of the complaints in the Derivative Actions to the extent that service has not yet been perfected on any Defendants.

2. The above-captioned actions are hereby consolidated for all purposes into Case No. 1:24-cv-02995 (the "Consolidated Action").

3. All documents previously filed to date in any of the Derivative Actions shall be deemed part of the record in the Consolidated Action.

4. The Consolidated Action shall bear the following caption:

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE HUT 8, CORP. STOCKHOLDER DERIVATIVE LITIGATION | CONSOLIDATED<br>Case No. 1:24-cv-02995 |

5. Lifshitz Law PLLC ("Lifshitz Law") and Portnoy Law are appointed Co-Lead Counsel in the Consolidated Action.

6. Plaintiffs believe that their counsel, Lifshitz Law and Portnoy Law, are qualified to advocate for Plaintiffs. *See* Lifshitz Law firm resume (attached hereto as Exhibit A) and Portnoy Law firm resume (attached hereto as Exhibit B). Counsel for Hut 8 and the Individual Defendants take no position on the qualifications or appointment of Co-Lead Counsel for Plaintiffs.

7. Co-Lead Counsel shall represent and set policy for Plaintiffs in the prosecution of the Consolidated Action, determine and present to the Court and opposing parties the position of Plaintiffs on all matters arising during pretrial negotiations, delegate and monitor the work performed by Plaintiffs' attorneys to ensure that there is no duplication of effort or unnecessary expense, coordinate on behalf of Plaintiffs the initiation and conduct of discovery proceedings, have the authority to negotiate matters with Defendants' counsel, and perform such other duties as may be incidental to the proper coordination of Plaintiffs' pretrial activities or authorized by further order of the Court. Defendants' counsel may rely on all agreements made with Co-Lead Counsel, or other duly authorized representative of Co-Lead Counsel, and such agreements shall be binding on all Plaintiffs.

8. This Order shall apply to this Consolidated Action and any future filed actions in this Court relating to the subject matter of this case. When a case that properly belongs as part of the Consolidated Action is hereafter filed in this Court, the Court requests the assistance of counsel

in calling to the attention of the Court the filing of any case which might properly be consolidated as part of the Consolidated Action, and counsel are to assist in assuring that counsel in subsequent actions receive notice of this Order. All derivative actions related to the Consolidated Action that are subsequently filed in or transferred to this Court shall be consolidated into the Consolidated Action. This Order shall apply to every such action, absent an order of the Court, and unless otherwise ordered, the terms of all orders, rulings, and decisions in the Consolidated Action shall apply to all such later stockholder derivative actions that are filed in this Court. If a party wishes to object to such consolidation, or to any other provisions of this Stipulation, that party must file an application for relief from this Order within ten (10) days after the date on which a copy of this Order is mailed, electronically or otherwise, to that party's counsel.

9. The Consolidated Action shall be stayed upon the Court's endorsement of this Stipulation as an Order of the Court.

10. Upon occurrence of any of (1) the dismissal of the Securities Litigation, with prejudice, by the court, and exhaustion of all appeals related thereto; or (2) the denial of any motion to dismiss the Securities Litigation in whole or in part; or (3) either of the Parties to this Stipulation has given a ten (10) day notice that they no longer consent to the voluntary stay of the Consolidated Action, then the Parties shall notify the Court within fifteen (15) days after the occurrence of any of the events above.

11. Defendants shall promptly notify Plaintiffs upon becoming aware of any derivative actions or threatened derivative actions, including, but not limited to, Section 220 demands or litigation demands that appear in Defendants' good faith judgment to be related to the Consolidated Action.

12. The Parties agree that if the plaintiff in any related derivative action refuses to agree to a stay under similar terms, Plaintiffs may lift the agreed stay upon ten (10) days' notice in writing to the undersigned Counsel for Defendants via email.

13. The Parties agree that during the pendency of this stay, Defendants shall inform Plaintiffs promptly upon the scheduling of any mediation or settlement negotiation with the plaintiffs in the Securities Litigation. In the event that Defendants are unable for any reason to include Plaintiffs in the mediation with plaintiffs in the Securities Litigation, then Defendants agree to mediate in good faith with Plaintiffs in the Consolidated Action at or about the same time. The Parties further agree that Defendants shall inform Plaintiffs promptly upon the scheduling of any mediation or settlement negotiation with any other derivative plaintiffs who have asserted claims substantially similar to the claims asserted by Plaintiffs herein, and shall include Plaintiffs in any such mediation or settlement negotiation and negotiate in good faith with Plaintiffs to resolve Plaintiffs' claims.

14. The Parties agree that notwithstanding this stay of this Consolidated Action, Plaintiffs may file an amended complaint; however, Defendants need not answer or otherwise respond to the Complaint or to any other complaint or amended complaint that is filed in or consolidated with the above-captioned action during the pendency of this stay.

15. In the event that, during the pendency of the stay, Defendants agree to produce, or any of them are ordered to produce by a court of competent jurisdiction, any documents in the Securities Litigation or in any related derivative action, then copies of such documents shall be provided to Counsel for Plaintiffs within ten (10) days of such production, subject to the execution by Plaintiffs of a reasonable confidentiality agreement governing the use and disclosure of these materials.

16. Upon occurrence of any of (1) exhaustion of all appeals related to the Securities Litigation; or (2) either of the Parties to this Stipulation has given a ten (10) day notice that they no longer consent to the voluntary stay of the Consolidated Action, then within seven (7) days of the occurrence of any such event or the expiration of the 10-day notice period, counsel for the parties shall meet and confer and jointly submit a proposed schedule for the filing of an amended complaint, if any, and Defendants' response thereto, and all associated briefing. Defendants are not otherwise required to move, answer, or otherwise respond to any complaint.

17. In the event that Defendants agree to terms or conditions in connection with any stipulation, agreement, or motion to stay a related derivative action that are more favorable to the plaintiff(s) therein, those more favorable terms or conditions shall be deemed incorporated into this stipulation.

18. Nothing herein shall be construed as a waiver of any party's rights or positions in law or in equity, or as a waiver of any defenses that any party would otherwise have, and the parties reserve all such rights.

Dated: June 12, 2024

**LIFSHITZ LAW PLLC**
*/s/ Joshua M. Lifshitz*
Joshua M. Lifshitz
1190 Broadway
Hewlett, New York 11557
Telephone: (516) 493-9780
Facsimile: (516) 280-7376

*Attorneys for Plaintiff Ubhi*

**PORTNOY LAW**
*/s/ Lesley F. Portnoy*
Lesley F. Portnoy, Esq. (304851)
1100 Glendon Ave. 15th Floor

Los Angeles, CA 90024
Telephone: (310) 692-8883
Email: lesley@portnoylaw.com

*Attorneys for Plaintiff Joseph*

**GIBSON, DUNN & CRUTCHER LLP**
*/s/ Mary Beth Maloney*
Mary Beth Maloney
"Kate" Joo Hyun Lee
200 Park Avenue
New York, NY 10166
(212) 351-2315
mmaloney@gibsondunn.com
klee@gibsondunn.com

*Attorneys for Defendants*

**APPROVED AND SO ORDERED** this ____ day of ____________, 2024.

______________________________
Hon. Jennifer H. Rearden
United States District Judge