UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _______________
DATE FILED: 6/13/2024

MAGHAR UBHI, Derivatively on Behalf of Nominal Defendant HUT 8 CORP.,

Plaintiff,

-against-

JAIME LEVERTON, SHENIF VISRAM, BILL TAI, MIKE HO, ASHER GENOOT, ALEXIA HEFTI, JOE FLINN, MAYO A. SHATTUCK, III, STANLEY O'NEAL, AMY WILKINSON, and RICK RICKERTSEN,

Defendants,

-and-

HUT 8 CORP.,

Nominal Defendant.

24 Civ. 2995 (AT)

**ORDER TO SHOW CAUSE**

ANALISA TORRES, District Judge:

Plaintiff, Maghar Ubhi, brings this shareholder derivative action alleging that Defendants made or participated in making materially false and misleading statements regarding the business, operation, and prospects of Nominal Defendant Hut 8 Corp. ("Hut 8"). *See* Compl., ECF No. 1. The complaint alleges that venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391(b) "because a substantial portion of the transactions and wrongs complained of herein occurred in this District and [D]efendants have received substantial compensation within this District by doing business here and engaging in numerous activities that had an effect in this jurisdiction." *Id.* ¶ 10.

Plaintiff does not identify his state of residence. *See id.* ¶ 11. Nominal Defendant Hut 8 is incorporated in Delaware and has its principal place of business in Miami, Florida. *Id.* ¶ 12. Defendants, Jaime Leverton, Shenif Visram, Bill Tai, Mike Ho, Asher Genoot, Alexia Hefti, Joe Flinn, Mayo A. Shattuck III, Stanley O'Neal, Amy Wilkinson, and Rick Rickertsen, are not alleged to reside in or have any relation to this District. *See id.* ¶¶ 13–24. The complaint's sole references to this District are its mentions of a "Related Securities Action," a pending securities fraud class action lawsuit in which Hut 8 and several of its executives are named as defendants. *Id.* at 2 and ¶¶ 13–14, 90–92; *see Mayiras v. Hut 8 Corp.*, No. 24 Civ. 904 (S.D.N.Y.).

For the purposes of venue, a civil action may be brought in "(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to

the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action." 28 U.S.C. § 1391(b).

Plaintiff has not identified where the cause of action accrued for the purposes of § 1391(b)(2). *See In re Glob. Cash Access Holdings, Inc. Sec. Litig.*, No. 08 Civ. 3516, 2008 WL 4344531, at *6 (S.D.N.Y. Sept. 18, 2008) (stating that, in an action for alleged securities law violations, "the locus of operative facts is . . . where the critical alleged misstatements and omissions occurred"). The trading of a company's stock on the Nasdaq, without more, is insufficient to establish that venue is proper in the Southern District of New York. *See id.* (citing *In re Nematron Corp. Secs. Litig.*, 30 F. Supp. 2d 397, 404 (S.D.N.Y. 1998); *In re Stillwater Mining Co. Sec. Litig.*, No. 02 Civ. 2806, 2003 WL 21087953, at *4 (S.D.N.Y. May 12, 2003)). Plaintiff has not identified where the alleged misstatements and omissions at issue originated. Compl. ¶¶ 4–6, 54–63; *see also Morgan Guar. Trust Co. v. Tisdale*, No. 95 Civ. 8023, 1996 WL 544240, at *6 (S.D.N.Y. Sept. 25, 1996) (concluding that locus of operative facts is the district in which offering materials originated, not district where sale of bank notes occurred).

Accordingly, the Court is inclined to transfer this case under 28 U.S.C. § 1406(a) to the United States District Court for the Southern District of Florida, where Hut 8's principal place of business is located. *See* 28 U.S.C. § 89.

By **June 24, 2024**, Plaintiff shall show cause in writing why this action should not be transferred. If Plaintiff fails to respond within the time allowed, or fails to show that venue is proper in the Southern District of New York and that the action should not be transferred in the interest of justice, the Court shall transfer this case to the United States District Court for the Southern District of Florida.

SO ORDERED.

Dated: June 13, 2024
New York, New York

ANALISA TORRES
United States District Judge