**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| MAGHAR UBHI, Derivatively on Behalf of Nominal Defendant HUT 8 CORP.,<br><br>Plaintiff,<br><br>v.<br><br>JAIME LEVERTON, SHENIF VISRAM, BILL TAI, MIKE HO, ASHER GENOOT, ALEXIA HEFTI, JOE FLINN, MAYO A. SHATTUCK, III, STANLEY O'NEAL, AMY WILKINSON, and RICK RICKERTSEN,<br><br>Defendants,<br><br>and<br><br>HUT 8 CORP.,<br><br>Nominal Defendant. | Case No. 1:24-cv-02995-AT |

**PLAINTIFF'S RESPONSE TO ORDER TO SHOW CAUSE**

Plaintiff Maghar Ubhi ("Plaintiff"), by and through Plaintiff's undersigned counsel, submits this response to the Court's June 13, 2024 Order to Show Cause, requesting that the parties show cause as to why the above captioned shareholder derivative action (the "Derivative Action") should not be transferred to the United States District Court for the Southern District of Florida (the "Southern District of Florida") pursuant to 28 U.S.C. § 1406(a).

There is adequate basis for the action to remain in this jurisdiction and venue. Plaintiff initially filed the Derivative Action in this District due to the presence of the related securities class action captioned *Mayiras v. Hut 8 Corp. et al.*, Case No. 1:24-cv-00904-VM (the

"Securities Litigation), which asserts claims pursuant to the Exchange Act that arise out of the same set of facts and circumstances as the claims alleged in the Derivative Action. In addition to the Securities Litigation, the majority of the Hut 8 Corp.'s ("Hut 8" or the "Company") revenue is derived from Digital Assets Mining (also referred to as self-mining), which principally consists of mining Bitcoin. The Company's self-mining business currently spans six sites. One such Bitcoin mining site is located in New York. The false and misleading statements alleged in the complaint relate to how many miners the Company has. Specifically, it is alleged in the complaint that the November 2023 Hut 8 operations update claims that the Company had 46,225 Bitcoin miners deployed for October 2023, and yet at the end of September 2023, the Company reported operating only 30,200 miners. Accordingly, Plaintiff believes that New York is the proper jurisdiction for this action.

Despite the above, Plaintiff requests that the Derivative Action be transferred to the United States District Court for the District of Delaware (the "District of Delaware").[1]

Hut 8's Certificate of Incorporation and Bylaws provide:

> Unless the Corporation consents in writing to the selection of an alternative forum, the sole and exclusive forum for (i) any derivative action or proceeding brought on behalf of the corporation, (ii) any action asserting a claim of breach of a duty (including any fiduciary duty) owed by any current or former director, officer, stockholder or other employee or agent of the Corporation to the Corporation or the Corporation's stockholders, (iii) any action asserting a claim arising out of or relating to any provision of the DGCL, this Certificate of Incorporation or the bylaws, (iv) any action asserting a claim, including a claim in the right of the corporation, as to which the DGCL confers jurisdiction upon the Court of Chancery of the State of Delaware (the "***Court of Chancery***"), or (v) any action asserting a claim governed by the internal affairs doctrine of the State of Delaware, shall in each case be the Court of Chancery or, if such court lacks

[1] Counsel for Plaintiff conferred with Counsel for Defendants regarding the relief requested herein on June 24, 2024. Without waiving any rights, claims, or defenses of any kind, including but not limited to the right to enforce Article 8 of Hut 8's Amended and Restated Certificate of Incorporation and Bylaws, Defendants take no position at this time regarding transfer of the Derivative Action.

> jurisdiction, ***any state or federal court located within the State of Delaware***, in all cases subject to such court having personal jurisdiction over the indispensable parties named as defendants, except for, as to each of (i) through (v) above, any claim as to which such court determines that there is an indispensable party not subject to the jurisdiction of such court (and such indispensable party does not consent to the personal jurisdiction of such court within ten (10) days following such determination).

(Emphasis added.)[2]

Hut 8, a public corporation organized in Delaware, has the above exclusive forum provision that states with unmistakable clarity that corporate disputes must be resolved in the Delaware Chancery Court or a "federal court located within the State of Delaware." The Certificate of Incorporation is a contract between Hut 8 and its shareholders, and its forum selection clause provides that shareholder derivative actions properly belong in Delaware courts. Further, the language of the forum selection provision is plainly mandatory, not permissive. The provision states Delaware courts shall be the "sole and exclusive forum" for derivative proceedings.

Moreover, the claims asserted in this Action involve classic principles of Delaware law; accordingly, Delaware has a great interest in determining the outcome of the disputes at issue. *See Armstrong v. Pomerance*, 423 A.2d 174, 177 (Del. 1980) (recognizing Delaware's significant and substantial interest in actively overseeing the conduct of those owing fiduciary duties to shareholders of Delaware corporations); *Sternberg v. O'Neil*, 550 A.2d 1105 (Del. 1988) (same); *Ryan v. Gifford*, 918 A.2d 341, 349 (Del. Ch. 2007) (same).

Lastly, venue is proper in the District of Delaware, as the claims asserted in the Derivative Action are related to shareholder derivative actions already pending in that district,

---

[2] *See* Amended and Restated Certificate of Incorporation of Hut 8 Corp., available at https://www.sec.gov/ix?doc=/Archives/edgar/data/0001964789/000155837024004176/hut-20231231x10kt.htm.

captioned *Torres v. Tai, et al.*, Case No. 1:24-cv-00269 (D. Del.) and *Thompson v. Leverton, et al.*, Case No. 1:24-cv-00542 ("D. Del.").

Accordingly, Plaintiff requests that the Court exercise its power to transfer the Derivative Action to the District of Delaware.

Dated: June 24, 2024

Respectfully submitted,

**LIFSHITZ LAW PLLC**
*/s/ Joshua M. Lifshitz*
Joshua M. Lifshitz
1190 Broadway
Hewlett, New York 11557
Telephone: (516) 493-9780
Facsimile: (516) 280-7376
jlifshitz@lifshitzlaw.com

*Attorneys for Plaintiff Ubhi*